IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 3:21-mj-13 |
| | : |
| v. | : (Mehalchick, M.J.) |
| | : |
| ZACHARY WATKINS | : (ECF) |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING

Submitted By:

Elliot A. Smith, Assistant
Federal Public Defender

Attorney for Zachary Watkins

## PRELIMINARY STATEMENT

For the reasons set forth below, Mr. Watkins requests the reopening of his detention hearing.

## STATEMENT OF FACTS

On January 27, 2021, the government charged Mr. Watkins in two counts, one alleging an "offense involving a minor victim under section . . . 2252(a)(2)" of Title 18. 18 USCS § 3142(e)(3)(E). A rebuttable presumption against release applies to Mr. Watkins under the Bail Reform Act.

At the conclusion of a detention hearing held on January 27, 2021, the Court ordered Mr. Watkins detained pending trial. Mr. Watkins did not have a 'home plan' to propose to the Court at the time of the hearing.

## STATEMENT OF QUESTIONS

Should the Court reopen the detention hearing?

## ARGUMENT

A detention "hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any

1

other person and the community." 18 U.S.C. § 3142(f) (hanging paragraph).

Mr. Watkins seeks reopening on the basis that his release subject to the following conditions will "reasonably assure" his appearance and the safety of the community. 18 USCS § 3142(c):

- That he not commit a Federal, State, or local crime during the period of release;
- That he remain in the custody of his aunt, Rebecca McAndrew, a resident of Archibald, Pa., who agrees to assume supervision and to report any violation of a release condition to the court, and who is able reasonably to assure the Court that Mr. Watkins will appear as required and will not pose a danger to the safety of any other person or the community;
- That he actively seek employment;
- That he not work in any type of employment without the prior approval of the probation officer;
- That he not have direct contact with any child he knows or reasonably should know to be under the age of 18, including written communication, in-person communication, or physical contact, but not including incidental contact during ordinary daily activities in public places;
- That he not go to, or remain at, any place where he knows children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities;
- That he not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18;
- That he not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media;
- That he restrict travel to the M.D. Pa.;
- That he be restricted to Ms. McAndrew's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court

appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer (or, alternatively, that he be subject to a 24-hour-a-day lock-down at Ms. McAndrew's residence except for medical necessities and court appearances or other activities specifically approved by the court).
- That he submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided;
- That he submit to evaluation and participate in a program of mental health treatment if directed by the pretrial services office or supervising officer;
- That he refrain from possessing a firearm, destructive device, or other dangerous weapon;
- That he refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance;
- That he submit to testing for a prohibited substance if required by the pretrial services office or supervising office;
- That he submit to evaluation and participate in a program of substance abuse therapy and counseling if directed by the pretrial services office or supervising officer;
- That he surrender his passport and not obtain a passport or other international travel document.

## CONCLUSION

For the foregoing reasons, this Court should reopen Mr. Watkins' detention hearing.

3

                                        Respectfully submitted,

Date: February 5, 2021      s/ Elliot A. Smith
                                        Elliot A. Smith
                                        Assistant Federal Public Defender
                                        Attorney ID No. NY 5073275

                                        201 Lackawanna Avenue, Suite 317
                                        Scranton, Pennsylvania  18503
                                        (570) 343-6285
                                        Fax:  (570) 343-6225
                                        Email: elliot_a_smith@fd.org

                                        Attorney for Zachary Watkins

## CERTIFICATE OF SERVICE

I, Elliot A. Smith, Assistant Federal Public Defender, certify that this document, filed electronically through the ECF system, will be sent to the registered participants as identified on the Notice of Electronic Filing, including the following:

> James Buchanan
> Assistant United States Attorney

and sent to the defendant by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

> Zachary Watkins

Date: February 5, 2021        s/ Elliot A. Smith
                              Elliot A. Smith
                              Assistant Federal Public Defender